**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Edward P Krajecki** | Social Security number or ITIN  **xxx–xx–5172** |
| | First Name   Middle Name   Last Name | EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN  _ _ _ _ |
| | | EIN  _ _–_ _ _ _ _ _ _ |

United States Bankruptcy Court   **Northern District of Illinois**

Case number:   **18–80678**

# Order of Discharge                                                             12/15

**IT IS ORDERED:** A discharge under 11 U.S.C. § 727 is granted to:

Edward P Krajecki

July 24, 2018                                                **For the court:**  Jeffrey P. Allsteadt, Clerk
                                                                         United States Bankruptcy Court

### Explanation of Bankruptcy Discharge in a Chapter 7 Case

This order does not close or dismiss the case, and it does not determine how much money, if any, the trustee will pay creditors.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily or from paying reaffirmed debts according to the reaffirmation agreement. 11 U.S.C. § 524(c), (f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts owed before the debtors' bankruptcy case was filed.

Also, if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**For more information, see page 2 >**

**Some debts are not discharged**
Examples of debts that are not discharged are:

- debts that are domestic support obligations;

- debts for most student loans;

- debts for most taxes;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for most fines, penalties, forfeitures, or criminal restitution obligations;

- some debts which the debtors did not properly list;

- debts for certain types of loans owed to pension, profit sharing, stock bonus, or retirement plans; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

Also, debts covered by a valid reaffirmation agreement are not discharged.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

> **This information is only a general summary of the bankruptcy discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

Official Form 318 **Order of Discharge** page 2

```
                            United States Bankruptcy Court
                            Northern District of Illinois
In re:                                                                  Case No. 18-80678-TML
Edward P Krajecki                                                       Chapter 7
        Debtor
                              CERTIFICATE OF NOTICE
District/off: 0752-3           User: admin                 Page 1 of 1             Date Rcvd: Jul 24, 2018
                               Form ID: 318                Total Noticed: 10

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 26, 2018.
db             +Edward P Krajecki,    24450 W Cherokee Trail,    Grayslake, IL 60030-9760
26600548       +John Minemyer,    c/o Douglas Chalmers,    120 N. LaSalle Street, Suite 2000,
                 Chicago, IL 60602-2452
26600549       +John Minemyer,    c/o Douglas M. Chalmers PC,    120 N LaSalle Street, Suite 2000,
                 Chicago, IL 60602-2452
26904858       +John T. Minemyer,    c/o Douglas M. Chalmers,   120 N. LaSalle Street,    Suite 2000,
                 Chicago, IL 60602-2452
26600550       +R-BOC Representatives,    720 N 17th Srteet,   Unit 11,    Saint Charles, IL 60174-1529
26600551       +Ralph Schwab Gartner & Schiever,    3 Hawthorn Parkway - Suite 370,
                 Vernon Hills, IL 60061-1449
26600552       +Robert Lundeen,   M McAndrews,    200 W Madison Street, Suit 2040,    Chicago, IL 60606-3416
26600553       +Timothy Grimsley,    c/o M. McAndrews,   200 W Madison Street, Suite 2040,
                 Chicago, IL 60606-3416
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
tr             +EDI: QBJNATALE.COM Jul 25 2018 05:43:00      Bernard J Natale,    Bernard J. Natale, Ltd.,
                 Edgebrook Office Center,    1639 N Alpine Rd,   Suite 401,    Rockford, IL 61107-1481
26600554        EDI: CHASE.COM Jul 25 2018 05:43:00      Chase,   P.O. Box 15298,    Wilmington, DE 19850-5298
                                                                                               TOTAL: 2

               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
aty*           +Bernard J Natale,    Bernard J. Natale, Ltd.,   Edgebrook Office Center,    1639 N Alpine Rd,
                 Suite 401,    Rockford, IL 61107-1481
                                                                                      TOTALS: 0, * 1, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jul 26, 2018                                  Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 24, 2018 at the address(es) listed below:
              Bernard J Natale    on behalf of Trustee Bernard J Natale natalelaw@bjnatalelaw.com,
               bnatale@ecf.epiqsystems.com
              Bernard J Natale    natalelaw@bjnatalelaw.com, bnatale@ecf.epiqsystems.com
              David P Leibowitz, ESQ    on behalf of Debtor 1 Edward P Krajecki dleibowitz@lakelaw.com,
               jstorer@lakelaw.com;storerjr58596@notify.bestcase.com;ecf@lakelaw.com
              Douglas  Chalmers    on behalf of Creditor John T Minemyer dmc@chalmers-law.com
              Patrick S Layng    USTPRegion11.MD.ECF@usdoj.gov
                                                                                             TOTAL: 5